subscription, no other creditor would get a cent upon his claim."

The practical effect of the Circuit Judge's ruling is, not only to allow the defendant, to set off his claim for advertising and job work, amounting to $18.25. but also a claim for such services, sufficient in amount, to extinguish the note, although the claim was never in existence, as the services were not rendered.

The fact that the rendition of the services, became unnecessary, by reason of the bank's insolvency, did not absolve the defendant from liability on the note, merely because he was ready and willing to render them.

Reversed.

---

8749

DOWLING v. DeWITT.

1. EVIDENCE—DECLARATIONS.—The written and oral declarations of a deceased husband after title to lands had vested in him under a will and after marriage to the effect that he held the lands in trust are not binding on the wife in an action for dower.

2. IBID—STATUTE OF FRAUDS—HEARSAY.—That a deed was intended to secure a debt should not be shown by rumor and hearsay, as such evidence is contrary to the statute of frauds and hearsay.

3. IBID.—PAROL—TRUSTS.—DECLARATIONS of a grantor at the time of executing a deed that the deed was to enable grantee to borrow money for grantor are incompetent because proving an express trust by parol.
   *Tant v. Guess, 37 S. C. 489, distinguished from this case.*

4. DOWER.—Deed to wife in lifetime of husband *held* not to bar her of her right of dower in other lands because not so intended.

5. IBID.—Evidence here does not show the husband held the land in question in any trust relation or that the wife knew of such relation at the time of her marriage, and the wife entitled to dower.

Before ERNEST GARY, J., Bamberg, July, 1913. Affirmed.

Action by Laura C. Dowling against Pauline DeWitt, Gulielma DeWitt, and Mattie Lee Hutto Defendants appeal. The Circuit decree is:

"The above entitled cause came on to be heard before me at the July, 1913, term of the Court of Common Pleas for Bamberg county on an appeal by the petitioner, demandant in dower, from a judgment and decree of the probate court for said county, denying her right to dower, and dismissing the petition.

"The cause was heard upon a copy of the record of the. proceedings had in the probate court, together with additional testimony taken at a later date by the above-named defendants.

"The following facts, shown by the evidence, were not disputed on the hearing before me:

"On 15th October, 1885, Dr. H. M. Faust conveyed the tract of land, described in the petition, to Mrs. V. S Dowling, by a deed, in form absolute and in fee simple, reciting as the consideration, that it was made 'in consideration, as well of the sum of $3,500.00, to me in hand paid by Virginia S. Dowling, of said county, at and before the sealing and delivery of these presents (the receipt whereof is hereby acknowledged), as of the payment by the said Virginia S. Dowling of the two certain sealed notes by me, the said Henry M. Faust, heretofore made, and held under indorsement by one Hattie J. Wroton, bearing date the 21st day of April, A. D. 1874, and the 1st day of January, 1876, and drawn for the sums of $598.18 and $888.76, payable one day after date, and the 1st day of November after date, to Wm. H. Wroton, and to Wroton & Dowling, with interest at the rate of twelve per cent. per annum, and one per cent. per month, respectively; and, also, of satisfaction to be entered of record on that certain mortgage of the plantation or tract of land hereinafter described, by me, the said Henry M. Faust, executed the 3d day of January, A. D. 1876, to secure the payment of said notes, which remains of

record in the office of the register of mesne conveyance for said county, at page 109 of Book RRR, and was thereafter assigned to the said Hattie J. Wroton, whose action of foreclosure was lately commenced against me.'

"The last mentioned mortgage introduced in evidence showed by endorsement thereon that it was paid by Mrs. V. S. Dowling on the 17th October, 1885.

"On the 27th November, 1885, Mrs. V. S. Dowling mortgaged the said land to F. M. Bamberg to secure her bond for the payment one year after that date of thirty-three hundred dollars with interest after maturity at the rate of ten per cent. per annum. This bond and mortgage were assigned by General Bamberg to the defendant, Guilelma DeWitt on the 16th day of January, 1890, in consideration of thirty-five hundred dollars, then paid by her.

"On the same day, January 16th, 1890, Dr. E. H. Dowling, the husband of the petitioner, to whom he was married on the 9th October, 1887, conveyed the said lands in fee to the defendant, Gulielma DeWitt, and she and her sisters, the defendants, Pauline DeWitt and Mamie Lee Hutto, are, or were, at the time of the commencement of these proceedings in possession of said land, claiming it under the said deed from Dr. E. H. Dowling to Gulielma DeWitt.

"Dr. E. H. Dowling died on October 19th, 1906, leaving surviving him his widow, Laura C. Dowling, the petitioner and demandant in dower, who commenced these proceedings on the 28th September, 1911. The defendants, H. Spann Dowling, Decania Dowling and Mrs. Lina Neal, are not in possession of said lands, and never have been in possession thereof.

"The defendants, Gulielma DeWitt, Pauline DeWitt and Mamie Lee Hutto, urge two grounds upon which they claim petitioner is not entitled to dower in the land in question:

1. "That Dr. E. H. Dowling had not a legal estate of inheritance in the lands described in the petition, in which his wife, the petitioner, had a right to dower; either (a)

under the deed from Dr. H. M. Faust to Mrs. V. S. Dowling, or (2) under the will of Mrs. V. S. Dowling.

2. "That the petitioner's right to dower is barred by her acceptance of the gift of one hundred acres of other lands, made to her by Dr. E. H. Dowling, in December, 1905, by his deed which is admitted in evidence.

"It is alleged by these defendants in their answer, that the deed from Dr. Faust to Mrs. V. S. Dowling was made for the 'express purpose of enabling Mrs. V. S. Dowling to mortgage the same (*i. e.,* land) and borrow money to enable H. M. Faust, the grantor therein, to pay certain indebtedness which he then owed,' and that 'all parties intended that said deed should only operate as a mortgage to secure the payment of the money which the said Virginia Spann Dowling should borrow for the said H. M. Faust;' and 'that on the request of said H. M. Faust the said property should be reconveyed, and that the conveyance was made for the purpose of securing Mrs. Dowling for such obligations of said H. M. Faust as she might assume or pay.'

"In support of these allegations, said defendants offered in evidence, the written declaration, exhibit D, signed by Dr. Dowling on the 16th January, 1890, the same date as his deed to Guilelma DeWitt, several years after he had acquired the lands under the will of Mrs. V. S. Dowling, and after his marriage to the petitioner. They also offered the parole testimony of W. H. DeWitt as to oral declarations practically to the same effect as those in said written declaration, exhibit D, made by Dr. Dowling a few weeks before that paper was signed, and his deed made to Mrs. DeWitt, and when the latter was contemplating purchasing the land and accepting the deed from Dr. Dowling.

"The petitioner objected to the admission of these declarations in evidence, under authority of *Tibbetts* v. *Langley,* 12 S. C. 479 to 487, and *Pruitt* v. *Pruitt,* 57 S. C. 162.

"These defendants also offered testimony of Mr. Rice, that he understood from rumor, and hearsay, that this deed was intended to secure a debt. To this testimony petitioner also objected, and excepts to failure to exclude such testimony and evidence. These exceptions are sustained for the reasons stated in the cases above cited, so far as the declarations of Dr. Dowling after his marriage to the petitioner are concerned; and the testimony of Mr. Rice is incompetent both under statute of frauds and because it was only hearsay.

"The same defendants, after the appeal was taken, offered additional testimony in this Court, of G. G. Milhous, a subscribing witness to the deed, to show that Dr. Dowling stated at the time of its execution that 'it was to borrow money to pay off a mortgage of his place,' and that Mrs. Dowling, the grantee, was present and consented to the arrangement, and the petitioner, then a governess in the Dowling family, was sitting by the fireplace and heard the conversation. The petitioner in her testimony denies any knowledge of such conversation. But she also objects to the testimony as incompetent under the statute of frauds. *Kinsey* v. *Bennett,* 37 S. C. 319, 324; *Bell* v. *Edwards,* 78 S. C. 494; *Rogers* v. *Rogers,* 52 S. C. 393, and *Pruitt* v. *Pruitt, supra.*

"The defendants argue that the testimony is competent under the decision in *Tant* v. *Guess,* 37 S. C. 489. In that case, Tant, being indebted to Free, executor, on a bond for title, procured Wroton to accept a conveyance of the land from Free and take up the indebtedness to him, and to extend the time for payment by Tant for a period of two years and agree to convey him the land on his paying such debt. The conveyance there was to secure the payment of the existing debt by Tant at the end of the two years. In the case at bar, the testimony offered did not tend to show the existence of the relation of debtor and creditor between Dr. Faust and Mrs. V. S. Dowling, or any obligation on the

part of Dr. Faust to pay anything to Mrs. Dowling which she could have enforced. Hence, it did not tend to show that the conveyance to Mrs. Dowling was a mortgage. *Hodge* v. *Weeks,* 31 S. C. 281, 282. The parole testimony offered tended rather to show an express trust, under which Mrs. V. S. Dowling, after receiving the land under the deed, was to raise money on her individual credit, and pay certain debts of Dr. Faust, and thereafter, at the option of Dr. Faust, to be exercised at some indefinite time in the future, was to reconvey the land to him upon his repaying her the moneys which she had thus paid out. This would be an express trust which cannot be proven by parole testimony. The first eight exceptions to the rulings of the probate judge are, therefore, sustained.

"As to the objection that Dr. Dowling did not acquire a legal estate or inheritance in said lands under the will of Mrs. V. S. Dowling, I overrule the same, under the construction placed upon that will, by the Supreme Court in *Bank* v. *Dowling,* 52 S. C. 345. As to the objection that the petitioner's right to dower in the lands described in the petition, which were alienated by Dr. Dowling in 1890, was barred by her acceptance of other lands under the deed from Dr. Dowling in 1905, I hold that this deed was not intended to bar the petitioner's right to dower in these lands. *Braxton* v. *Freeman* (6 Rich. L.), 40 S. C. L. 35.

"I find that Dr. E. H. Dowling was seized at the time of his marriage to the petitioner, and during their coverture, of a legal estate of inheritance in the lands described in the petitioner, and the probate court erred in finding to the contrary. The evidence is insufficient to show that there was any trust effecting Dr. Dowling's title to said lands, which bars his widow's right to dower therein; and is also insufficient to overcome her denial of knowledge or notice of such trust at the time of her marriage.

"The defendants-respondents, H. Spann Dowling, Decania Dowling and Lina Neal, are not proper parties to these proceedings, and as to them it is adjudged that the proceedings be dismissed.

"It is further ordered, adjudged and decreed, that no sufficient cause has been shown to the Court why a writ of admeasurement of dower should not be issued to commissioners under the provisions of the statute, and dower should not be set aside in the lands described in the petition, or paid, to the petitioner; and that the petitioner is entitled to her dower rights in said lands.

"It is further ordered, adjudged and decreed, that the judgment and decree of the probate court in the above entitled action and proceedings be, and the same is hereby, reversed; and that the cause be, and hereby is, remanded to said probate court, with directions to proceed with the issuance of the writ for the admeasurement of the petitioner's dower in the lands described in the petition, under the provisions of the statute; and such further proceedings as may be necessary to the allotment, admeasurement or payment of such dower; and that the clerk of this Court do certify a copy of this judgment, order and decree to the probate court for Bamberg county."

*Messrs. Mayfield & Free,* for appellants, cite: *Proof of trust: Rutledge* v. *Smith,* 1 McCord. Eq.; 1 Strob. Eq. 370; Lewis on Trust 63.

*Mr. W. H. Townsend,* contra, cites: *Declarations of husband after marriage are incompetent:* 12 S. C. 479; 57 S. C. 162.

March 19, 1914. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. For the reasons therein stated, the judgment of the Circuit Court is affirmed.